IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TRAVIS ROBINSON, : | |
| : | |
| Petitioner, : | **1 : 09-CR-22 (WLS)** |
| : | |
| : | 28 U.S.C. ▪ 2255: 1: 12-CV-90150 (WLS) |
| : | |
| VS. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

## RECOMMENDATION

Petitioner=s Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. ▪ 2255, filed on October 16, 2012, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 74).

The Petitioner was charged in a one-count indictment with the offense of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).  (Doc. 3). On April 5, 2010, the Petitioner entered into a Plea Agreement with the Government and pled guilty to the violation of 21 U.S.C. § 841(a)(1).  (Doc. 60).  Petitioner was sentenced on July 22, 2010 to 84 months imprisonment followed by 5 years of Supervised Release.  (Doc. 65). Petitioner did not appeal his conviction or sentence.

Petitioner filed his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. ▪ 2255 on October 16, 2012 (Doc. 74), and appears to assert that the one-year statute of

limitations governing this Motion did not begin to run until he discovered that his defense counsel had failed to file an appeal of his conviction, with said discovery taking place at some time within the last year. (Doc. 74, ¶ 18). Petitioner specifically points to § 2255(f)(4) as governing the timing of the filing of his Motion.

Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final on August 11, 2010, fourteen (14) days after the entry of judgment on July 28, 2010, when the time for filing an appeal expired.[1] "The [AEDPA] provides, *inter alia*, that a habeas petition may not be filed more than one year from 'the date on which the judgment becomes final'." *Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002).

Petitioner's assertion that the statute of limitations did not begin to run until he discovered that his defense counsel had not filed an appeal of his conviction and sentence is without merit. Petitioner has not established that the one-year statute of limitations was triggered by "the date on

---

[1] A defendant has fourteen (14) days after final judgment is entered to file a Notice of Appeal. Fed. R. App. P. 4(b)(1(A). If no appeal is filed, the one-year statute of limitations governing § 2255 motions begins to run fourteen (14) days after judgment is entered. *Clay v. United States*, 537 U.S. 522 (2003).

which the facts supporting [his] claim or claims presented could have been discovered through the exercise of due diligence", based on his discovery of defense counsel's alleged ineffective assistance of counsel.   None of Petitioner's grounds for federal habeas relief pertain to, mention or rely on counsel's alleged ineffectiveness as a basis for relief.

As subsection (4) of 28 U.S.C. § 2255 (f) calculates the one year limitations period beginning on "the date on which the *facts supporting the claim or claims presented* could have been discovered through the exercise of due diligence" (emphasis added), this subsection does not appear to be relevant to Petitioner's § 2255 claims that pertain solely to the alleged failure of the Court to follow the terms of the plea agreement.   Herein, the Petitioner is not relying on newly discovered facts, but on the assertion of counsel's failure to file an appeal, and he has not established how knowledge of this failure, which certainly could have been discovered well before the last calendar year, provides the basis for use of § 2255 (f)(4) for the calculation of timeliness.

The Court also finds that the Petitioner has not established a basis for equitable tolling of the statute of limitations period.   A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."   *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted); *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012).

However, the Court finds that the Petitioner has failed to establish diligence on his part to secure federal habeas relief.   The facts as alleged by the Petitioner do not establish his diligence in attempting to obtain habeas relief, as they show that he waited an unspecified period of time to file this Petition after learning of the alleged facts underlying his claims.   He should have known at sentencing that the Court failed to follow the terms of the plea agreement as he claims, which was more than two years before he filed this Petition.   *See Hutchinson*, 677 F.3d at 1102-03 (petitioner

3

failed to show he acted diligently to pursue his rights, as he waited to file federal petition for three (3) years after learning deadline had been missed by attorneys); *Chavez v. Sec'y. Florida Dep't. of Corrections*, 647 F.3d 1057, 1072 (11th Cir. 2011) (petitioner failed to show he acted with diligence in pursuing his rights, in that record showed no attempts by petitioner to advance his case); *San Martin v. McNeil*, 633 F.3d 1257, 1272 (11th Cir. 2011) (petitioner made no showing of his reasonable diligence in attempting to have habeas petition filed).

Inasmuch as this § 2255 Motion is untimely filed and the Petitioner has not established his entitlement to equitable tolling, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

SO RECOMMENDED, this 29th day of October, 2012.

                                                 s/   ***THOMAS Q. LANGSTAFF***
                                                 UNITED STATES MAGISTRATE JUDGE