IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TRAVIS ROBINSON, | : |
| Petitioner, | : |
| v. | : Case No. 1:09-cr-22 (WLS) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**ORDER**

Before the Court is a Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed October 29, 2012. (Doc. 76.) Judge Langstaff recommends that the Court dismiss Petitioner Travis Robinson's motion to vacate under 28 U.S.C. § 2255. Judge Langstaff reasons that Robinson's motion is untimely because more than one year has passed since his conviction became final. More specifically, Judge Langstaff found that Robinson's conviction became final on August 11, 2010, fourteen days following the entry of judgment, and he did not file his habeas petition until October 16, 2012. Judge Langstaff also rejected Robinson's argument that the statute of limitations did not begin running until he discovered his attorney failed to appeal. This argument lacked merit, Judge Langstaff found, because his attorney's ineffectiveness did not pertain to his underlying habeas claims.

The Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*). The period for filing

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

1

objections expired on Thursday, November 15, 2012. Robinson timely filed his Objection on November 13, 2012. (Doc. 20).

In his Objection, Robinson primarily contends Judge Langstaff erred because Eleventh Circuit case law, specifically *Montemoino v. United States*, 68 F.3d 416 (11th Cir. 1995), entitles defendants to out-of-time appeals. (Doc. 77 at 2.) Therefore, "[c]ommon sense [sic] would dictate that the appeal is guaranteed and that the one year [sic] time frame is irrelevant towards the § 2255 based on the common sense [sic] that the appeal is not final because the court is required to cancel the original and reset it anew." (*Id.* at 3.) In other words, because a court can authorize an out-of-time appeal, the conviction is never final if the petitioner is entitled to out-of-time appeal. Robinson alleges the magistrate judge erred also because he failed to give proper weight to Robinson's *pro se* status. Moreover, it is unreasonable to find that a petitioner could discover the lack of appeal with due diligence early in the case when it takes a prisoner months to determine a case's posture. (*Id.* at 3–4.) The Eleventh Circuit does not accept prisoner mail if he or she is represented by counsel, and attorneys are often slow to respond, or are non-responsive, to client inquiries. (*Id.*)

After a review of the record and case law, the Court finds no reason to differ from Judge Langstaff's recommendation. *Montemoino v. United States* does not entitle Robinson to relief. In *Montemoino*, the Eleventh Circuit considered whether an attorney who failed to appeal a sentence despite the petitioner's request rendered ineffective assistance of counsel. 68 F.3d at 416. The *Montemoino* petitioner, who brought his claim under Section 2255, had pleaded guilty and wanted to appeal his sentence. *Id.* The court held that if a petitioner has a right to appeal and asks his attorney to file one, the attorney provides ineffective assistance if she fails to do so. *Id.* at 417. The remedy for this violation is to provide an out-of-time appeal. *Id.*

In contrast to the petitioner in *Montemonio*, Robinson seeks to put his cart before the horse. The remedy under *Montemonio* is an out-of-time appeal. *Id.* The vehicle, however, is to file a Section 2255 petition, as the petitioner in *Montemonio* did, that complies with the statute of limitations. Section 2255 provides several ways to comply with the statute of limitations. 28 U.S.C. § 2255(f). Most important to this case, Section 2255 allows a court to calculate the statute of limitations from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In some circumstances, the statute of limitations will run from the date the petitioner could have discovered, through the exercise of due diligence, that his attorney failed to file a requested appeal. *See Tucker v. United States*, 248 F. App'x 763, 764 (11th Cir. 2007). The Court recognizes that the due diligence inquiry is practical, individualized, and "must take into account the conditions of confinement and the reality of the prison system." *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002) (quoting *Montenegro v. United States*, 248 F.3d 585, 592 (7th Cir. 2001)).

But Robinson has simply not shown that he exercised due diligence or that his claim could not have been discovered with the exercise of due diligence until more than a year after his conviction.[2] To the contrary, the record belies such an assertion. The sentencing transcript reflects that the Court informed Robinson he must file a notice of appeal within fourteen days of his judgment. The Court instructed Robinson that if he or his counsel failed to file a notice of appeal within fourteen days, he would lose his right to appeal. Hence, Robinson was on notice to ensure that the requisite notice had to be timely filed from the date of his sentencing. Robinson's

---

[2] Judge Langstaff found that "[n]one of Petitioner's grounds for federal habeas relief pertain to, mention or rely on counsel's alleged ineffectiveness as a basis for relief." Therefore, Judge Langstaff reasoned that Section 2255(f)(4) did not apply because counsel's failure to appeal did not pertain to Robinson's claims of a violated plea agreement. For the purposes of this Order, the Court construes Robinson's petition as alleging that his attorney was ineffective for failing to appeal his other claims.

3

allegation that "[t]he defense attorney announced in open court that she was filing an Appeal" is unsupported by the transcript. Furthermore, the docket indicates Robinson received an appeal information packet on the date of his sentence. (Doc. 67.) This packet also explained that he or his counsel had to file a notice of appeal within fourteen days of the entry of Judgment. (*Id.*) Additionally, it has long been the practice of this Court to send defendants copies of the docket at their request. Robinson twice availed himself of that option. (Docs. 63, 71.) Robinson could have learned from the docket sheet that his attorney did not file a notice of appeal.

Rather than offering evidence of due diligence, Robinson offers speculation and generalities. He explains that appeals take months, that the Eleventh Circuit does not accept prisoner mail, and that "the average defendant would wait five to six months before calling his counsel or writing to find out what the progress of the appeal was." (Doc. 77 at 3–4.) The Court can assume it takes longer for a diligent prisoner to discover his counsel's failure to appeal. Nothing, however, indicates that it would take fourteen months. Moreover, Robinson does not offer any evidence that he took steps to discover his appeal's progress. The lack of evidence of diligence also precludes a finding of equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently . . . .'"). Therefore, after a review of Robinson's petition and objection, it appears that his petition was untimely, and he has failed to establish a valid basis for equitable tolling.

Accordingly, Robinson's Objection (Doc. 77) is **OVERRULED**, and U.S. Magistrate Judge Thomas Q. Langstaff's Recommendation (Doc. 76) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, the reasons stated, and conclusions reached herein. Robinson's petition is accordingly **DISMISSED** as untimely.

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." And "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no reasonable jurist could find that Robinson's petition was timely, so a certificate of appealability must be, and is, **DENIED**.

**SO ORDERED**, this   13th   day of February 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

5